# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| LISA FIJALKOWSKI, | Case No. 2:17-cv-00195-ALM-KAJ |
| Plaintiff, | Judge Algenon L. Marbley |
| | Magistrate Judge Jolson |
| v. | |
| BELMONT COUNTY BOARD OF COMMISSIONERS, et. al., | **STIPULATED PROTECTIVE ORDER** |
| Defendant. | |

### ORDER

Counsel for the parties agree as stated herein on conditions for the production of all confidential information.   Counsel have further agreed that their agreement may be entered by the Court as its Order.

1. "Confidential Material" as used in this Protective Order means documents and information (including deposition testimony) produced by any party or witness in the course of discovery which consists of and/or includes Defendant's confidential or proprietary business and financial information, Plaintiff's medical, financial, and personal information, and all other information designated by the producing party as confidential, including any attorney-client privileged communication inadvertently disclosed.   Designation of confidentiality shall be made on documents by marking on the face of each document the words "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," or by so designating a file or box containing such documents. Any such documents already produced shall be automatically deemed confidential material without further designation.   Duplicate copies of documents or transcripts so designated shall be deemed confidential.   Designation of confidentiality shall be made with regard to deposition testimony by a statement on the record or by subsequent correspondence to opposing counsel within fourteen days of receipt of the transcript or entry of this Order, whichever

is later.   Such designation must identify with reasonable particularity the testimony that is to be designated as confidential.

2. This Protective Order does not restrict the parties as to the procedures to be employed at trial for handling Confidential Material, nor does it affect any party's right to assert that *in camera* review of information or documents is appropriate for a determination as to discoverability, that other protective orders should be issued, or that other procedures should be employed at hearing regarding Confidential Material.

3. The provisions of this Order shall not affect the admissibility of evidence or any objections to same at trial or in any other proceedings in Court except as may be provided by separate Order or agreement. In addition, nothing herein shall be construed as making any particular information or document discoverable in this action which might otherwise be objectionable.

4. All Confidential Material provided by any party or witness shall be used solely for the prosecution or defense of this action and shall not be disclosed in any manner to anyone other than the parties or the law firms of record for the parties herein and legal assistants or other regular law firm employees who are involved in the prosecution or defense of this action.   Counsel shall instruct all such persons to themselves maintain the confidentiality of Confidential Material pursuant to the terms of this Protective Order, and shall furnish to all such persons a copy of this Order.

5. This Protective Order does not authorize filing protected materials under seal. No document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. *See Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996). Unless the Court orders otherwise, all sealed documents shall be filed according to S. D. Ohio Civ. R. 5.2.1.

6. Upon final disposition of this Action, all Confidential Materials produced pursuant to this Protective Order and all copies, excerpts or extracts (excluding excerpts or extracts incorporated into any privileged memoranda of the parties), except for such material which has become part of the record in this action, shall be returned or destroyed as agreed at that time by the person producing the material.

7. The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

8. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

The undersigned counsel for the parties agree on behalf of their respective firms and clients to the terms set forth herein, and consent to the form and entry of this order.

In accordance with Fed. R.Civ.P. 26(b)(5)(B), if information produced in discovery is subject to privilege or work product protection, the disclosing party may notify any party that received the information about the inadvertent disclosure. After being so notified, a receiving party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information; and must take reasonable steps to retrieve the

information if the party disclosed it to anyone before being notified.

    IT IS SO ORDERED.


Date:  July 20, 2017                  /s/ Kimberly A. Jolson
                                             KIMBERLY A. JOLSON
                                             UNITED STATES MAGISTRATE JUDGE


/s/ Elizabeth Tuck. Loring

Elizabeth Tuck Loring (OH No.0076542)  LORING LAW OFFICE, LLC
9545 Kenwood Rd., Suite 301
Phone: (513) 545-6781/Fax: (513) 561-6781
eloringlaw@gmail.com

*Attorney for Plaintiff*


  /s/ Molly R. Gwin
Jeffrey A. Stankunas (0072438)
Molly R. Gwin (0088189)
Isaac Wiles Burkholder & Teetor, LLC
Two Miranova Plaza, Suite 700
Columbus, OH 43215
614-221-2121 (phone)
614-365-9516 (fax)
jstankunas@isaacwiles.com
mgwin@isaacwiles.com

*Attorneys for Defendants*