# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| LISA FIJALKOWSKI, | : |
| Plaintiff, | : |
| | : Case No. 2:17-cv-195 |
| v. | : |
| | : JUDGE ALGENON L. MARBLEY |
| BELMONT COUNTY BOARD. | : |
| OF COMMISSIONERS, et al., | : Magistrate Judge Jolson |
| Defendants. | : |

## **OPINION & ORDER**

This matter comes before the Court on Plaintiff's Objection to Magistrate's Order Denying Plaintiff's Motion to Amend Complaint (ECF No. 21). For the reasons set forth below, the Objection is **SUSTAINED** and Plaintiff is **GRANTED** leave to amend.

## I. BACKGROUND

Plaintiff Lisa Fijalkowski was appointed to the position of Interim Director of the Belmont County Department of Job & Family Services ("JFS") in August of 2013. (ECF No. 1 at ¶ 14). While she was Interim Director, Ms. Fijalkowski allegedly uncovered and reported financial wrongdoing by county employees, including Mr. Vince Gianangeli. (ECF No. 13 at 3). According to Ms. Fijalkowski, Mr. Gianangeli was less-qualified for the permanent Director position, but was selected over her anyway. (*Id.* at ¶¶ 22, 23, 26). Ms. Fijalkowski thus filed suit in this Court on March 3, 2017, alleging gender discrimination and retaliation in violation of Title VII and Ohio Revised Code Chapter 4112. (*Id.* at 4-5).

On June 14, 2017, the Court issued a Preliminary Pretrial Order, setting the deadline to amend pleadings for July 31, 2017. (ECF No. 8). Ms. Fijalkowski did not file a motion to

amend by the deadline, but did so on November 14, 2017.[1] In her Motion to Amend, Ms. Fijalkowski sought leave to amend her Complaint to add claims for wrongful failure to hire and retaliation in violation of public policy, arguing that she was passed over for the permanent Director position because she reported the financial misconduct of Mr. Gianangeli and others. (ECF No. 13). Ms. Fijalkowski based her Motion on new evidence she received from counsel in a different case in September of 2017—emails between Mr. Gianangeli and the two Commissioners who voted against Ms. Fijalkowski for the Director position wherein Mr. Gianangeli discusses administering lie detector tests to county employees who he believed reported him for wrongdoing, including Ms. Fijalkowski. The email chain references Ms. Fijalkowski's then-pending EEOC charge. (ECF No. 13-3).

In an Order issued on January 10, 2018, the Magistrate Judge denied Ms. Fijalkowski's Motion to Amend, finding that Ms. Fijalkowski failed to act diligently in seeking leave to amend because she knew about the facts underlying her public policy claim before filing the case sub judice and therefore had not established the good cause required under Rule 16(b). Ms. Fijalkowski objected to the Magistrate Judge's Order on January 24, 2018 (ECF No. 21). Her Objection is now ripe for decision.

## II. LAW AND ANALYSIS

Under Rule 72(a), a party who timely objects to a magistrate judge's order may request the presiding district judge to reconsider such order. Fed. R. Civ. P. 72(a). Factual findings are subject to a "clearly erroneous" standard, while legal conclusions are reviewed under the more lenient "contrary to law" standard. *United States v. Hunter*, No. 3:06-CR-061, 2013 WL

---

[1] Ms. Fijalkowski filed her first Motion to Amend on November 13, which was denied without prejudice for failure to comply with Local Rule 7.3. (ECF Nos. 11, 12). Ms. Fijalkowski then filed the instant motion.

5820251, at *1 (S.D. Ohio Oct. 29, 2013). A legal conclusion is contrary to law if it contradicts or ignores applicable precepts of law. *Id.*

Federal Rule of Civil Procedure 15(a)(2) provides that when a party seeks leave of court to file an amended pleading, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule creates a liberal policy in favor of granting amendments, and the trial court enjoys broad discretion in deciding motions for leave to amend. *Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). Once a scheduling order has been set in a case, however, and a deadline passes, "a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). Rule 16(b) provides that a scheduling order can only be modified for "good cause and with the judge's consent." Fed. R. Civ. P. 16(b). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (internal citations omitted). The district court must also consider potential prejudice to the nonmovant. *Leary*, 349 F.3d at 909.

Here, the Court finds that Ms. Fijalkowski has made the required showing of good cause under Rule 16. Defendants argue that Ms. Fijalkowski cannot show good cause because she has known of the facts underlying her whistleblower claim and has had direct evidence of the same since at least July 16, 2014. (ECF No. 23 at 1). The Court acknowledges that Ms. Fijalkowski was aware of the possibility of brining a claim for failure to hire and retaliation in violation of public policy, and indeed she has long alleged retaliation based on her decision to report financial misconduct concerning Mr. Gianangeli. (*See, e.g.*, ECF No. 14-1 (June 23, 2014 letter from Plaintiff's Counsel stating that Ms. Fijalkowski "was not selected from the Director

3

position and has been otherwise retaliated against because she reported financial misconduct")). But Ms. Fijalkowski argues that when the case was filed she only had her own suspicion that her reporting of the financial misconduct was the reason she was not hired—she had no evidence and thus focused her efforts in the lawsuit on her Title VII claim (which she alleges she has evidence of) in order to avoid dismissal under Rule 12(b)(6). (ECF No. 21 at 3, 6). Ms. Fijalkowski received actual evidence that she believes supports a public policy claim in September of 2017, after the deadline to amend passed.

New information can constitute good cause under Rule 16(b). *See Discover Bank v. New Vision Fin., LLC*, No. 2:03-CV-686, 2005 WL 1865369, at *3 (S.D. Ohio Aug. 1, 2005) (granting leave to amend when discovery "apparently confirmed [plaintiff's] suspicions sufficiently so that the company could assert [additional] claims"); *Joseph v. Joseph*, No. 1:16-CV-465, 2017 WL 5953119, at *2 (S.D. Ohio Jan. 10, 2017) (finding good cause existed when "the documents upon which the proposed amendment [was] largely based were not produced until more than two months after the July 22, 2016 motion to amend deadline."). Within two months after receiving the new information, Ms. Fijalkowski filed her motion to amend. *See Discover Bank*, 2005 WL 1865369, at *3 (finding "[t]he period of delay between the date [new information] was obtained, January 25, 2005, and the March 1, 2005 request to amend . . . fairly inconsequential."). Ms. Fijalkowski's counsel submits that the short delay in filing the motion to amend after the new information was received was the result of the illness of a close out-of-state family member, who has since passed away. (ECF No. 21 at n. 5). In these circumstances, the Court finds that Ms. Fijalkowski has acted with the requisite diligence and good cause exists to amend the scheduling order.

Importantly here, Defendants are not prejudiced by a decision allowing Ms. Fijalkowski to amend her complaint. Nor have they so argued. Ms. Fijalkowski filed the motion to amend five months before discovery closed, and before any depositions occurred in this matter. They were always aware of the possibility that such a claim may be filed, as Plaintiff's Counsel indicated in various letters that the claim was being explored. (*See* ECF No. 14-2 (letter from Plaintiff's Counsel stating that "Ms. Fijalkowski has been working . . . to clarify her complaints of whistleblower retaliation")). Because Ms. Fijawlkowski was not aware of the existence of evidence in support of her public policy claim prior to the deadline in the scheduling order, and Defendants have not shown any prejudice whatsoever, the Court finds Ms. Fijawlkowski has shown good cause under Rule 16(b). *See Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005).

Where the movant demonstrates good cause under Rule 16(b), the court should then evaluate the proposed amendment under the liberal policy of Rule 15(a). *Joseph*, 2017 WL 5953119, at *2. Factors to consider include "undue delay, bad faith or dilatory motive on the part of movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "There must be at least some significant showing of prejudice to the opponent to justify denial of a motion for leave to amend." *Joseph*, 2017 WL 5953119, at *2.

Defendants argue that the amendment should not be allowed because it would be futile. Defendants contend that only at-will employees are allowed to bring retaliation in violation of public policy claims, and Ms. Fijalkowski was classified as a civil servant and is therefore unable to do so. (ECF No. 23 at 6). Defendants point to a decision of this Court finding that the

plaintiff, a classified civil servant, could not pursue a wrongful discharge claim. *See Rice v. Central Ohio Youth Center*, No. 2:14-cv-1169, slip op. at PageID 1509-1510 (S.D. Ohio Aug. 17, 2016). Ms. Fijalkowski argues that while she served as Interim Director she was an unclassified civil servant, and points to an Ohio Supreme Court decision analyzing an unclassified civil servant's claim for wrongful discharge in violation of public policy. (*See* ECF No. 17 at 1-2 (citing *Painter v. Graley*, 70 Ohio St. 3d 377 (Ohio 1994))). The Court is not persuaded at this juncture that the claim would be futile and finds that the issue is best resolved at the dispositive motions stage. *See Right-Now Recyling, Inc. v. Ford Motor Credit Co.*, No. 1:11-CV-364, 2012 WL 13026793, at *3 (S.D. Ohio Nov. 19, 2012); *Brunson v. Montgomery Cty.,* No. 3:16-CV-00368, 2017 WL 3301574, at *2 (S.D. Ohio Aug. 3, 2017), *report and recommendation adopted*, No. 3:16CV00368, 2017 WL 3581095 (S.D. Ohio Aug. 18, 2017) (dismissing defendant's argument that amendment would be futile and finding it "too early to say" how defendant's argument on the merits would be resolved).

In any event, a consideration of the remaining factors in the Rule 15 analysis requires the Court to allow amendment here. There is no indication that the delay was the result of bad faith—instead, it appears to be the result of a change in the availability of evidence to support the claim. There has not been a repeated failure to cure deficiencies through other amendments—this is the first amendment allowed. And critically, as previously discussed, there has not been a showing of undue prejudice to the opposing party. In sum, given the "liberal policy of permitting amendments to ensure the determination of claims on their merits," the Court finds that Ms. Fijalkowski is allowed leave to amend her complaint. *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987).

## IV.  CONCLUSION

For the reasons set forth above, Plaintiff's Objection (ECF No. 21) is **SUSTAINED** and the January 10, 2018 Order Denying Motion to Amend (ECF No. 18) is **OVERRULED**. Plaintiff is **GRANTED** leave to amend her complaint.

**IT IS SO ORDERED.**


    s/Algenon L. Marbley
**UNITED STATES DISTRICT JUDGE**

**DATED: April 18, 2018**